IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| WILLIE ALTON HORNE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF GEORGIA – AUGUSTA )<br>JUDICIAL CIRCUIT, OFFICE OF THE )<br>PUBLIC DEFENDER, )<br>)<br>Defendant. ) | CV 110-062 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed the above-captioned case *pro se*, presumably attempting to raise claims pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) *(per curiam)*, but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) (2)(B)(i) & (ii).

I. **BACKGROUND**

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names the State of Georgia – Augusta Judicial Circuit, Office of the Public Defender, as the only Defendant. (Doc. no. 1, pp. 1, 3). Plaintiff states that his court appointed lawyer –

presumably a lawyer from the Office of the Public Defender, Augusta Judicial Circuit – did not properly defend Plaintiff in a criminal matter. (Id. at 3). Plaintiff alleges that the Public Defender "used the coercion of jail time to scare [him] into pleading guilty" rather than proceeding with a jury trial. (Id.). Plaintiff claims that the Public Defender expressed to him that in light of the evidence against him, he would not be acquitted of the charges. (Id.). Plaintiff also claims that he later discovered proof that he could have won his case (i.e., been acquitted), and that he discovered some unflattering things about the police. (Id.). As a result of the Public Defender's alleged conduct, Plaintiff maintains that his Constitutional rights have been violated. (Id.). As relief, Plaintiff seeks $15,000 "to be made whole." (Id. at 5).

## II. DISCUSSION

### A. Failure to State a Claim Against the Public Defender

Plaintiff's claim against the Public Defender fails. The Supreme Court has held that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the *alleged deprivation was committed by a person acting under color of state law*." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted) (emphasis added). Traditionally, acting under color of state law "requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Id. at 49 (internal quotation marks and citation omitted). However, "[i]t is well settled . . . that an attorney, whether court-appointed or privately retained, does not qualify as a state actor for purposes of § 1983 liability." Barnette v. Ernst, Civil Case No. 407-020 (S.D. Ga.

Apr. 23, 2007) (Moore, C.J.) (citing Polk County v. Dodson, 454 U.S. 312, 318 n.7 (1981) (finding a lawyer representing a client was not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983)). Plaintiff's counsel, in negotiating a plea agreement, was merely performing a lawyer's traditional function as counsel to a defendant in a criminal proceeding and thus was not a person acting under color of state law. Therefore, Plaintiff has not stated a viable claim against the Public Defender.

### B. Failure to State a Claim Pursuant to Heck v. Humphrey, 512 U.S. 477 (1994)

Next, the allegations made by Plaintiff in his complaint pertain to his dissatisfaction with an underlying criminal trial. The Supreme Court has held that, when an inmate's allegations rest on the invalidity of his imprisonment, his 42 U.S.C. § 1983 claim does not accrue until that invalidity is proven. Heck v. Humphrey, 512 U.S. 477, 489-90 (1994). Furthermore, the Supreme Court stated that, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," the complaint must be dismissed, unless the conviction or sentence has already be invalidated. Id. at 487. Conversely, 42 U.S.C. § 1983 is the appropriate course of relief for a state prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973); see also Nelson v. Campbell, 541 U.S. 637, 643 (2004) (explaining that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. § 1983). Indeed, "[a]s the Supreme Court noted, the most obvious example of an action barred by *Heck* is one in which the plaintiff actually 'seek[s] damages directly

attributable to conviction or confinement.'" Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting Heck, 512 U.S. at 487 n.6). Simply put, a claim for monetary damages resulting from Plaintiff's alleged unconstitutional conviction or confinement is not cognizable under 42 U.S.C. § 1983. See Heck, 512 U.S. at 483.

Plaintiff submits that, due to the actions of the Public Defender, he did not receive effective assistance of counsel and was denied his right to proceed with a trial by jury. (Doc. no. 1, p. 3). Plaintiff seeks monetary damages ($15,000 "to be made whole") directly attributable to his conviction and confinement, and thus, a successful § 1983 action based on Plaintiff's allegations concerning his unfair trial necessarily implies the invalidity of his conviction. Furthermore, Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. Thus, Plaintiff's current allegations are not actionable in a civil rights action. Accordingly, Plaintiff's claims should be dismissed for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

For the reasons set forth above, this Court **REPORTS** and **RECOMMENDS** that Plaintiff's case be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 13th day of May, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

4